# HAROLD SLINGLUFF

## vs.

## FRANKLIN DAVIS NURSERIES, Incorporated.

*Injunction—Trees Reserved in Conveyance—Right of Removal.*

A conveyance of land having reserved to the grantor young fruit trees thereon intended for sale to the grantor's customers, the grantee having notified the grantor not to remove any of the trees and announced his intention to lease the land to another, and the prompt and careful transplanting of the trees being necessary to render them available for the market, it was proper to enjoin the grantee from interfering with the removal of the trees by the grantor, an action at law not affording an adequate remedy.                                           p. 304

A reservation of trees, on a conveyance of land, though made by parol, is effective to retain the ownership of the trees in the grantor.                                                          p. 303

*Decided March 17th, 1920.*

Appeal from the Circuit Court for Prince George's County (BEALL, J.).

The cause was argued before BOYD, C. J., THOMAS, URNER, STOCKBRIDGE and ADKINS, JJ.

*S. Marvin Peach* and *T. Van Clagett,* for the appellant.

*Robert W. Williams,* with whom were *Janney, Stuart & Ober* and *M. H. Magruder* on the brief, for the appellee.

URNER, J., delivered the opinion of the Court.

For the purposes of the demurrer to the bill of complaint in this case it is admitted that the plaintiff company, which

is engaged in the business of growing and selling fruit trees, sold and conveyed to the defendant a tract of land on which were young apple and pear trees intended for sale to the plaintiff's customers, that by special agreement the right to remove the trees was reserved to the plaintiff, provided the removal should be completed not later than the Spring of 1919, that on February 17, 1919, the defendant wrote the plaintiff a letter to the effect that if the trees could not be removed by April 1, an arrangement might be made to have them remain on the land another year, to which the plaintiff replied, by letter dated February 19th, that the trees would all be removed prior to April 1st, that on February 27th the plaintiff was notified by the defendant not to remove any more of the trees and thereafter continued to prohibit their removal until the filing of the bill and the issuance of the preliminary injunction on March 8th, that the defendant wrote the plaintiff on March 6th stating that he would lease the land to some other party if the plaintiff did not indicate a desire to lease it by March 10th, and that the prompt and careful transplanting of the trees was necessary to render them available for the market. The bill alleges that the defendant's interference with the removal of the trees would cause irreparable injury unless restrained by injunction, and that the plaintiff has no adequate remedy at law.

The demurrer to the bill is based solely on the theory that there is an adequate legal remedy for the injury of which the bill complains. This theory was not sustained by the Court below, and the demurrer was overruled by an order which is the occasion of the pending appeal.

That the reservation of the trees, though made by parol, was valid and effective, is definitely settled by the case of *Willard* v. *Higdon,* 123 Md. 447. The effect of the reservation was to retain the ownership of the trees in the plaintiff and to secure it the right to remove them from the land within a specified time. The defendant's action, as described in the bill, violated the plaintiff's alleged right while it was being exercised in accordance with the agreement by which

it was reserved. Accompanying the defendant's refusal to permit the trees to be taken from the land was the statement of his intention to dispose of the property by lease. Under such circumstances it could not be properly held that an action at law would have afforded the plaintiff an adequate remedy. The specific trees in question were its property and were required to be promptly and skilfully removed for the purposes of its business. A suit for damages or an action of replevin would not have satisfied such an interest and exigency. The contemplated lease of the property, if made to one without notice that the trees were reserved to the plaintiff, would have seriously impeded the enforcement of his claim in a Court of law by any form of action. Besides, the right which the plaintiff asserts is of an equitable nature, the legal title to the soil and the trees being in the defendant; and a Court of Equity has ample authority to protect such a right by injunction. *Carmine* v. *Brown,* 104 Md. 207.

It is not necessary to dispose of the case on the basis of the statutory provision that an injunction shall not be refused on the mere ground that the applicant has an adequate remedy in damages unless the opposite party shall show that he has property from which the damages can be made or shall give bond to secure their payment. Code, Art. 16, Sec. 84.

*Decree affirmed, with costs and cause remanded.*